George M. STADLER

v.

NATIVITY LUTHERAN CHURCH and Atlantic Mutual Insurance Companies.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1981.

Decided Dec. 29, 1981.

---

Strout, Payson, Pellicani, Cloutier, Hokkanen & Strong, Robert J. Levine (orally), Rockland, for plaintiff.

Richardson, Tyler & Troubh, Jeffrey A. Thaler (orally), Portland, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Once again we are presented with the difficult question whether a heart attack may entitle an employee to an award of compensation under our Workers' Compensation Act. This appeal is taken from a *pro forma* judgment of the Superior Court, Knox County, affirming the denial of petitioner's claim for compensation for a myocardial infarction sustained on December 18, 1977.[1] Petitioner contends that the Commission erroneously required proof of "unusual" physical stress and that the denial of compensation is not supported by competent evidence. We deny the appeal.

Petitioner, the pastor of the defendant church, was engaged in his regular sabbath-day activities on the date of his heart attack. After the morning services the petitioner went caroling in the afternoon, having first declined to do so but relenting after being implored to attend by one of the church leaders.

Petitioner began to experience chest pains at the first place the group visited. He returned home after the second stop because his pains persisted. He went to the church that evening for a special Christmas program, and tried to shovel ice off the driveway. Approximately three hours later, having turned out the lights and furnace and shut off the water in the parish house, the pains in his chest returned while he was closing the door to the parish house.

---

1. The *pro forma* decree here involved follows the dismissal of an earlier appeal found to be premature. *Stadler v. Nativity Lutheran Church, et al.*, Me., 436 A.2d 892 (1981).

The pain gradually became worse and soon after driving home, he called his wife who called for an ambulance. Upon his admission to a hospital an acute myocardial infarction was diagnosed.

I

Petitioner argues that the following language contained in the decision of the Commissioner demonstrates an error of law.

There is *no evidence on these facts of any unusual physical stress* which may have resulted in the myocardial infarction, in fact, it appears as though this heart attack occurred while the employee was in the simple process of locking the church doors. I find as a fact, therefore, that any such stress which may have caused this heart attack would have been emotional in nature. (emphasis added)

It is unquestioned that the Workers' Compensation Act requires for an injury to be compensable that it must both "arise out of" and be sustained "in the course of" the claimant's employment. 39 M.R.S.A. § 51 (1978). The decision of the Commissioner, although containing the above-quoted language, expressly finds a failure of proof that the heart attack arose out of the employment.

Based on the evidence, I find that his heart attack most probably occurred in the course of his employment to [sic] while he was locking the doors of the church . . . but I remain unconvinced, as the fact finder, that this particular heart attack arose out of any emotional stress created by his employment at the church.

The present case is very similar to our opinion in *Bruton v. City of Bath*, Me., 432 A.2d 390 (1981). As in *Bruton*, the Commissioner has appropriately framed the issue as whether the injury arose out of the claimant's work activity. The finding of no "unusual physical stress" simply meant that the *physical* activities of Rev. Stadler were not unlike activities he pursued every day, *see*, *Bruton v. City of Bath*, 432 A.2d at 393, and in fact it appears that petitioner does not contend that his *physical* activities were

particularly stressful. As in *Bruton* the finding is no more than an explanation for the rejection of the medical expert's testimony that: "The question, I think as I see it, was he, under extra stress at that time, and is that why it occurred—the myocardial infarction."

We are satisfied that the appropriate analysis was employed by the Commissioner and that he did not require a finding of unusual physical stress.

II

The petitioner contends that the denial of his petition is not supported by competent evidence. It is settled law that the Commissioner's findings of fact must be sustained if they are supported by competent evidence and that the employee has the burden of proof on the issue of causation. *Franzose v. Alco Packing Co.*, Me., 433 A.2d 412 (1981); *Bruton v. City of Bath*, Me., 432 A.2d 390 (1981). The Commissioner in this case ruled on the issue of causation as follows:

The alternative explanation for this heart attack is that it occurred as a result of the continuing degenerative process which, at the point in time of the attack, totally occluded one or more of the coronary arteries, is, in my mind, just as likely as its alternative.

Petitioner correctly notes that the Commissioner made several errors in his findings of fact in determining that: (1) Rev. Stadler went to one, rather than two, caroling stops before returning home; (2) he attempted to shovel ice off his own rather than the church driveway; and (3) he turned off the faucets and checked the furnace at home rather than at the church. Petitioner cites *Crosby v. Grandview Nursing Home*, Me., 290 A.2d 375 (1972), for the proposition that a decree based on a misapprehension of the facts is erroneous as a matter of law, and argues that because of the above errors the decree must be reversed. However, in *Crosby* the Commissioner's erroneous finding was one central to the case—the cause of the injury—and there was no evidence at all to support his

finding. The Commissioner in the present case erroneously concluded that much of the physical activity did not occur during the performance of the petitioner's employment. Such misapprehension of the evidence is rendered irrelevant, however, by the Court's finding that physical stress had not been established as a causative factor. The locus of the physical acts is neither determinative nor persuasive.

Petitioner also argues that the Commissioner erred in finding that petitioner was a heavy smoker. Although the record contains conflicting evidence on this issue, a medical witness testified that petitioner had smoked 4 packs per day for 15 years and had recently quit cigarette smoking and taken up cigar smoking. There is competent evidence on the record to support the Commissioner's finding in this regard and the question of credibility was decided by the Commissioner. In the absence of evidence of fraud, the Commissioner's decision to give greater weight to the medical witness' testimony is not reviewable by this Court. *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 516 (1980).

Finally, petitioner contends that the Commissioner's finding that the myocardial infarction was caused by a degenerative process which occluded a coronary artery is not supported by competent evidence and that the Commissioner disregarded other competent evidence in the record. The medical witness' testimony that artery disease was as probable as any other cause supported the Commissioner's finding. "The Commissioner's findings must be upheld even in the face of other evidence in the record which might have supported a different result." *Bruton v. City of Bath*, 432 A.2d at 393.

The entry is:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for his

1. The complaint also included a claim on behalf of Wendall Pratt's wife, Dorothy, for loss of

counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.